IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Edgar Searcy, )<br><br>Plaintiff, )<br><br>vs. )<br><br>B. Broome, Chaplain; M. Hamidullah, )<br>Former Warden; U. S. Attorney )<br>General; Bureau of Prisons; and )<br>United States of America, )<br><br>Defendants. )<br>_____ ) | Civil Action No. 6:07-0154-GRA-WMC<br><br>**O R D E R** |

   This matter is before the court on the plaintiff's motions for default and for information under the Freedom of Information Act ("FOIA").

   The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

   The plaintiff was sentenced on December 4, 2003, to a 180-month term of imprisonment by the United States District Court for the Southern District of Florida, for Use of Interstate Commerce to Engage in a Sexual Activity with a Minor. He is currently incarcerated at the Federal Correctional Institution (FCI) Estill, South Carolina, and has a projected release date of May 9, 2016, via Good Conduct Time (GCT) release.

   On May 14, 2007, the defendants moved for summary judgment. On May 16, 2007, this court granted the defendants' motion to stay discovery pending ruling on the motion for summary judgment.

On June 4, 2007, the plaintiff moved for default judgment, arguing that the defendants did not timely respond to his complaint.  The complaint was served upon defendants Broome, the Attorney General, and the United States on March 13, 2007.  The Bureau of Prisons was served on March 15, 2007, and Matthew Hamidullah was served on April 3, 2007.  The defendants had 60 days from service to respond to the complaint.  As set forth above, the motion for summary judgment was filed on May 14, 2007, which is within 60 days of service on the defendants.[1]  Accordingly, the motion for default is denied.

In his motion for information under FOIA, the plaintiff states that he submitted FOIA requests to every defendant as well as the United States Attorney's Office in an effort to obtain copies of budget records of FCI Estill and "descriptions of jobs related to the budgeted monies" (pl. m. under FOIA at 1).  The defendants oppose the motion, stating as follows:

> Plaintiff has allegedly filed discovery in this case pursuant to the Freedom of Information Act in that he has submitted his requests under the civil action number assigned to the case. Plaintiff's case pertains to the exercise of his religion as a Mennonite while confined in federal prison. In that the plaintiff requested "discovery" and it was filed under the above-caption, the normal rules of were deemed to be applicable. (See Docket Entry 20). Additionally, documents that were forwarded to Chaplin [sic] Broome and Warden Rivera were returned to the plaintiff as they were considered discovery. (See Attachment A).

> On May 15, 2007, a motion to stay discovery was filed and granted by the court. If the plaintiff is actually pursuing a FOIA claim as opposed to discovery, it should not be sought pursuant to this legal action and listed under the caption and case number for the on-going litigation, but should be directed to the appropriate Bureau of Prisons staff for processing; not the District Court.

---

[1]The day of service is not included in the computation of the time period, and the last day of the period is not included if it falls on a weekend or holiday.  Fed.R.Civ.P. 6(a).

As argued by the defendants, since the requests were sought as discovery and discovery has been stayed pending ruling on the motion for summary judgment, the plaintiff's motion is denied.  If the plaintiff wishes to pursue the information as a FOIA claim, he should direct his request to the Bureau of Prisons, and it should not be sought pursuant to this case.

Wherefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motions (docs. 27 and 28) are denied.

IT IS SO ORDERED.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

June 27, 2007

Greenville, South Carolina

3