**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Edgar Searcy, #04726-031, <br><br>                     Plaintiff, <br><br>      v. <br><br> B. Broome, Chaplain; M. Hamidullah, Former Warden; U.S. Attorney General; Bureau of Prisons; and United States of America, <br><br>                     Defendants. | C/A No. 6:07-154-GRA-WMC <br><br> **ORDER** <br> (Written Opinion) |

This matter is before the Court on appeal from the magistrate's Order of June 27, 2007 denying Plaintiff's Motion for Default and Motion for Disclosure. Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the magistrate's order to which specific objection is made, and this

1

Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Plaintiff objects that the magistrate used the wrong date for service of the Summons and Complaint on Defendant Broome. The date entered into the electronic filing system was March 13, 2007. The electronic filing system posted May 14, 2007 as the deadline for an answer. In fact, the date entered on the Return of Service was March 12, 2007. Therefore, the answer from Broome was due on May 11, 2007. Defendant Broome filed his motion for summary judgment on May 14, 2007 – one day late. Plaintiff argues that default should be entered for Defendant Broome because of his late response.

The Court may allow an answer to be filed after the deadline has passed when the late filing was a result of excusable neglect. Federal Rule of Civil Procedure 6(b). In this case, Defendant Broome answered late due to a mistake by the Clerk of Court and not because of any fault on his part. The Court finds that Defendant Broome's conduct, at worst, constitutes excusable neglect. Therefore the Court declines to enter default against Defendant Broome, and his late answer in the form of a motion for summary judgment is accepted as filed.

Plaintiff objects that Defendants have not complied with his request filed under the Freedom of Information Act, 5 U.S.C. §552. Plaintiff's request included

the caption of this case and was described as discovery. Discovery has been stayed in this case until the magistrate determines whether the defense of qualified immunity applies. Plaintiff is free to make requests under the Freedom of Information Act so long as they are not styled as discovery requests in relation to this case.

IT IS THEREFORE ORDERED that the magistrate's June 27, 2007 Order denying Plaintiff's Motion for Default Judgment and Motion for Disclosure is AFFIRMED for the reasons set forth in this opinion.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

August 1, 2007

Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff has the right to appeal this Order within sixty (60) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.