UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Edgar Searcy, # 04726-031, | ) | C/A No.: 6:07-cv- 0154-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| B. Broome, Chaplain; M. Hamidullah, | ) | |
| Former Warden; Bureau of Prisons; and | ) | |
| the United States of America, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before this Court on two motions by the Plaintiff: (1) Motion for Continuance or Denial of Summary Judgment; and (2) Motion for Enlargement of Time to File Objections. Plaintiff filed both motions on September 24, 2007. The defendants filed a motion in opposition to both motions on October 12, 2007. For the reasons articulated herein, the plaintiff's Motions are denied.

### **Background**

The plaintiff, a federal prisoner, was originally sentenced to a 180-month term of imprisonment on December 4, 2003. The plaintiff filed this *Bivens* action pursuant to 42 U.S.C. § 1983 on January 17, 2007, alleging that the defendants violated his First and Fifth Amendment rights by denying him the right to associate and practice his Mennonite faith.

The defendants moved for summary judgment on May 14, 2007; the court issued an order on May 15, 2007, explaining the summary judgment dismissal

1

procedure and the consequences for a failure to respond pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975); and the plaintiff filed a response in opposition on June 4, 2007.

Magistrate Judge Catoe issued a Report and Recommendation on September 13, 2007, recommending that the defendant's Motion for Summary Judgment be granted. Rather than filing objections to the Report and Recommendation, the plaintiff filed the two immediate motions.

## Discussion

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court will liberally construe the pleading filed by the *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

### A.     *Motion for Extension of Time to File Objections*

The plaintiff seeks to have his time to file objections to the magistrate's Report and Recommendation extended indefinitely. Specifically the plaintiff states:

> The plaintiff is curre[n]tly held in confinement and does not know when this situation will change. The defendants removed and stored all fo the plaintiff[']s property, and will not let him access the property. The plaintiff is not able to visit the main law library and is only allowed one hour a week in the small detention library, that has a handfull [sic] of books. Research and drafting pleadings is not feasable.

2

> [sic]   Very little paper is provided and[,] because of his
> indigenc[e][,] the plaintiff has very little amount of stamps.

*Pl's Mot. for Enlargement of Time* at ¶ 1.  The plaintiff then goes on to cite case law, Federal Regulations, and Federal Rules of Civil Procedure to give the Court a taste of his "meritorious points of law."  *Id.* at ¶ 2.  The government opposes an indefinite extension of time.

This Court may extend the period in which the plaintiff may file objections for cause shown.  Fed. R. Civ. P. R. 6(b)(1).  But, this Court will not grant an indefinite extension of time.  The plaintiff's claim that he does not have ample legal resources is dubious.  Both Motions before the Court are littered with legal citations from various sources.  Therefore, this Court does not find cause shown and denies the plaintiff's Motion for an Enlargement of Time.  In light of the unavoidable administrative delay in rendering this decision, this Court will allow the plaintiff to file his objections within ten (10) days of the entry of this Order including an additional three days for mailing—the original time period allotted for objections to a Report and Recommendation.

### B.   *Motion for Continuance or Denial of Summary Judgment*

Plaintiff argues that this Court should either continue or deny the defendant's Motion for Summary Judgment because there has not been adequate time for discovery.  This Court will liberally construe this as a timely objection to the magistrate's Report and Recommendation.  *See Willaims v. Shepphard*, 204 Fed. Appx. 247, 248 (4th Cir. 2006)(unpublished)(construing appeal letter as objection);

3

*Hester v. N.C. Atty. Gen.*, 199 F.3d 1327 (Table) (4th Cir. 1999)(construing notice of appeal as objection). However, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," this Court need not conduct a de novo review of the objection. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Here, the plaintiff makes a general and conclusory objection that this Court may not rule on the defendants' Motion for Summary Judgment until discovery is completed. He does not point to any specific portion of the Report and Recommendation that this alleged error effected; therefore, this Court need not review the objection. Given this Court's earlier decision to, essentially, restart the objection time period, the plaintiff may attempt to specifically reassert this objection in any forthcoming objections. For now, this objection is dismissed.

## Conclusion

After a thorough review of the relevant law, this Court denies both of the plaintiff's motions.

THEREFORE IT IS SO ORDERED THAT the plaintiff's Motion for Continuance or Denial of Summary Judgment be DENIED; and that the plaintiff's Motion for Enlargement of Time to File Objections be DENIED, but that the plaintiff has ten (10) days—including an additional three (3) days for mailing— from the entry of this order to file specific objections to the magistrate's Report and Recommendation.

**IT IS SO ORDERED.**

[signature block on next page]

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 18, 2007
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties have the right to appeal this Order within thirty (30) days from date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.