UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Edgar Searcy, | ) | C/A No.: 6:07-cv-0154-GRA-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| B. Broome, Chaplain; M. Hamidullah, | ) | |
| Former Warden; U.S. Attorney General; | ) | |
| Bureau of Prisons; and United States | ) | |
| of America, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on September 13, 2007. The plaintiff sought an extension of time to file his objections, he was denied, and he, subsequently, filed timely objections on October 29, 2007. After a thorough review of the Report and Recommendation and the plaintiff's objections, this Court adopts magistrate's recommendation in its entirety.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

### Objections

Objections are intended to point this Court to potential errors in the magistrate's Report and Recommendation; they are not a subsequent opportunity to reargue the merits of a case. The plaintiff states in his objections that: "The Plaintiff filed a motion for summary judgment. The Below is supportive basis for granting the plaintiff[']s motion." *Pl's Objs.* at 2. The plaintiff then makes various "objections" to the magistrate's Report and Recommendation, the majority of which were argued in the plaintiff's June 4, 2007 Motion in Opposition to Summary Judgment and the

February 2, 2007 memorandum accompanying his amended complaint.  These objections are not specific, therefore, this Court need not conduct a *de novo* review of them.  *Orpiano v. Johnson*, 687 F.2d 44 (4th Cir. 1982);  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *United States v. One Parcel of Real Property*, 73 F.3d 1057 (10th Cir. 1996) (stating that failure to file specific objections to the magistrate's report bars appellate review); *Howard's Yellow Cabs, Inc. v. United States*, 987 F.Supp. 469, 474 (W.D.N.C. 1997) (stating that "[a] litigant who objects only in vague or general terms to the magistrate judge's recommendation, thereby preventing the district court from focusing on specific issues for review, renders the initial reference to the magistrate judge useless and frustrates the purposes of the Magistrates Act.  Such objections do not constitute an 'objection' under 28 U.S.C. § 636(b)(1)").  Applying the requisite liberal standard to the plaintiff's objections, the Court finds that the plaintiff filed three specific objections.

First, Plaintiff argues that the magistrate erred by entering summary judgment under Rule 56 because the Plaintiff raised genuine issues of law.  Rule 56 (c) provides that: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. R. 56(c).  The plaintiff has not evinced a genuine issue as to any material *fact* and this Court agrees with the

magistrate that the defendants are entitled to judgment as a matter of law. Therefore, summary judgment is proper.

Next, Plaintiff argues that the magistrate erred by finding that the BOP's regulations were valid under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) because the regulations fail a "least restrictive means" test.  Plaintiff is referring to federal regulations relevant to admission into a community corrections center (CCC) and regulations relevant to religious services in federal penitentiaries.  The plaintiff's objections are without merit.

First, the analysis articulated in *Turner v. Safley*—the analysis the magistrate used—to determine the validity of a prison regulation that affects a prisoner's fundamental right does not require the BOP to use the least restrictive means possible. 482 U.S. 78, 90-91 (1987).  Second, the magistrate found that the plaintiff did not evince a substantial burden as that term is defined by the case law interpreting the RLUIPA.  *R. & R.* at 10.  If there is no substantial burden, there can be no RLUIPA violation, and no need to apply a "least restrictive means" test.  *Boerne v. Flores*, 521 U.S. 507, 515-16 (1997).  The plaintiff does rehash his argument that the burdens he faced were substantial*. Pl's Objs.* at 6.  But, like the magistrate, this Court does not find a substantial burden.  *See Lovelace v. Lee*, 472 F.3d 174 (4th Cir. 2006).  The plaintiff's objections are, therefore, without merit.

Finally, Plaintiff argues that the magistrate did not address his "right to support."  Plaintiff argues that this Court is bound by *Howard v. Ashcroft*, 248 F.

Supp. 2d 518 (M.D. La. 2003), to allow him to enter a CCC to earn money to support his church, an alleged tenet of the Mennonite faith.  First, this Court is not bound by an opinion from the Middle District of Louisiana.  Second, *Howard* is factually distinct from the present case.  *Id.*  Howard was originally sentenced to 12 months, not 180 like the plaintiff, and originally placed in a CCC, not a federal correctional institution like the plaintiff.  *Id.*  Even if *Howard* were binding precedent, this Court would not apply it due to these factual distinctions.   Finally, the plaintiff does not explain why he cannot support his church with the money he is earning while incarcerated.  The plaintiff's financial statement evinces his ability to make money while incarcerated.  Plaintiff does not allege that the BOP is stopping him from donating his current income to his church.  Therefore, this objection is without merit.

### **Conclusion**

After a thorough review of the record, the magistrate's Report and Recommendation, and the plaintiff's objections, this Court finds that the magistrate applied sound legal principles to the facts of this case.  This Court, therefore, adopts the Report and Recommendation in its entirety.


IT IS THEREFORE ORDERED THAT the defendants' Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED.

[signature block on the following page]

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December 14, 2007
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.